UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS DURELL HOSKINS,

    Petitioner,

v.

    CASE NO. 2:08-CV-10200
    JUDGE DENISE PAGE HOOD
    MAGISTRATE JUDGE PAUL J. KOMIVES

SHIRLEE HARRY,

    Respondent.
    _____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should enter a stay and hold the case in abeyance pending petitioner's exhaustion in state court of his claim that he was denied his right to counsel on appeal.

II.    <u>REPORT</u>:

A.    *Procedural History*

Petitioner Dennis Durell Hoskins is a state prisoner, currently confined at the Pugsley Correctional Facility in Kingsley, Michigan. On March 8, 2006, petitioner was convicted of second degree home invasion, MICH. COMP. LAWS § 750.110a, pursuant to his guilty plea in the Saginaw County Circuit Court. Petitioner's plea was the result of a plea agreement which provided for the dismissal of a second home invasion charge, as well as a charge of resisting arrest in a separate case. As part of the plea, petitioner acknowledge his status as a fourth habitual offender, MICH. COMP. LAWS § 769.12. The plea agreement provided for a cap of five years on the minimum term of imprisonment. On April 13, 2006, petitioner was sentenced to a term of 5-20 years' imprisonment. Petitioner's sentence included 85 days of credit for time served from March 24 through June 16,

2005.[1] Following his sentencing, petitioner filed a motion in the trial court seeking an additional 169 days of credit against his sentence for time spent in pretrial custody. The trial court initially granted the motion, but subsequently granted the prosecutor's motion for reconsideration.

On April 26, 2007, petitioner attempted to file a *pro se* delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> DEFENDANT IS ENTITLED TO THE ADDITIONAL 169-DAY JAIL CREDITS, WHERE THE CRIME OF HOME INVASION BEAR[S] INTIMATE AND SUBSTANTIAL RELATIONSHIP TO THE CRIME FOR WHICH DEFENDANT IS SUBSEQUENTLY CONVICTED.

Petitioner accompanied his delayed application for leave to appeal with a motion requesting appointment of appellate counsel. On May 11, 2007, the court of appeals dismissed the application for leave to appeal and the motion for appointment of counsel for lack of jurisdiction, because they were not filed within one year of petitioner's sentencing as required by MICH. CT. R. 7.205(F)(3). *See People v. Hoskins*, No. 277723 (Mich. Ct. App. May 11, 2007). Petitioner filed a *pro se* application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Supreme Court denied leave to appeal in a standard order. *People v. Hoskins*, 480 Mich. 868, 737 N.W.2d 758 (2007).

On January 14, 2008, petitioner filed this application for a writ of habeas corpus, raising two grounds for relief:

> I. THE STATE COURT'S DECISION WAS CONTRARY TO AND A[N] UNREASONABLE APPLICATION OF FEDERAL LAW WHEN THE

---

[1] Respondent has not filed a copy of petitioner's plea and sentencing transcripts with the Court. On March 5, 2010, I entered an Order requiring respondent to file these materials. The Assistant Attorney General subsequently informed my chambers, by telephone, that because petitioner did not file a timely appeal in the state courts, neither the plea nor sentencing proceeding had been transcribed. The background set forth in this section is derived from petitioner's habeas application and the state court docket sheet.

2

PROSECUTOR FAILED TO AWARD PETITIONER WITH CREDIT FOR TIME SERVED IN OFFICIAL DETENTION IN CONNECTION WITH ANOTHER OFFENSE WHICH WAS DISMISSED BASED UPON A PLEA AGREEMENT REACHED, WHICH DENIED PETITIONER DUE PROCESS AND EQUAL PROTECTION OF THE LAW. UNITED STATES CONSTITUTION AMENDMENT XIV.

II. PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE APPOINTMENT OF APPELLATE COUNSEL TO APPEAL THE TRIAL COURT'S RULING.

Respondent filed an answer to the petition on August 11, 2008. Respondent argues that petitioner's sentencing credit claim is not cognizable on habeas review, and that petitioner's denial of appellate counsel claim is both unexhausted and without merit.

As explained more fully below, because petitioner's appellate counsel claim is unexhausted, and because it cannot be determined on the current record that the claim is meritless, the Court should enter a stay holding the case in abeyance pending petitioner's exhaustion of the claim in the state courts.

B.  *Analysis*

The federal habeas statute provides, in relevant part, that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Thus, "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). A petitioner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, a petitioner "must have 'fairly presented the substance of each of his federal constitutional claims to the state courts.'" *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th

Cir. 2004) (quoting *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). A petitioner "fairly presents" his claim to the state courts by either (1) relying upon federal cases employing federal constitutional analysis; (2) relying upon state cases employing such an analysis; (3) phrasing the claim in terms of federal constitutional law; or (4) alleging facts within the mainstream of federal constitutional law. *See Clinkscale*, 375 F.3d at 437 (quoting *Newton v. Million*, 349 F.3d 873, 878 (6th Cir. 2003)). Further, the petitioner must fairly present the claim at each level of state court review. *See O'Sullivan*, 526 U.S. at 845-47. Exhaustion is not required only if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A "mixed petition," that is a petition which contains both exhausted and unexhausted claims, must be treated as unexhausted in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). A federal habeas court has no authority to grant relief on even an exhausted claim where the petition also contains unexhausted claims. *See Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000).

Here, petitioner's claim that he was denied appellate counsel was not presented in the state courts, and thus is unexhausted. Further, there remain further avenues of state court review in which to present this claim. MICHIGAN COURT RULES 6.501-6.509 permits a defendant to file a post-judgment motion for relief from judgment challenging the validity of his judgment. Petitioner has not previously filed a motion for relief from judgment, and thus is not barred from doing so by Rule 6.502(G) (prohibiting successive motions for relief from judgment). Accordingly, the Court may not grant relief to petitioner on either of his claims, and petitioner must first exhaust his appellate counsel claim in the state courts.

To be sure, despite the exhaustion requirement a habeas petition "may be *denied* on the

merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (emphasis added). Thus, a federal court may decide a habeas petition on the merits when the grounds for relief are without merit or are not cognizable on habeas review. *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *Prather v. Rees*, 822 F.2d 1418, 1421-1422 (6th Cir. 1987). In these circumstances, the court should dismiss the non-federal or frivolous claim on its merits to save the state courts the useless review of meritless constitutional claims, *see Cain*, 947 F.2d at 820. Respondent explicitly asks the Court to take this approach, contending that petitioner's appellate counsel claim is without merit because petitioner did not timely request appellate counsel. However, the record as it stands does not allow this conclusion.

The Michigan Constitution was amended in 1994 by the adoption of Proposal B to provide, in relevant part, that "except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of court." MICH. CONST. art. I, § 20. Pursuant to this provision, Michigan courts, in most cases, began to deny indigent defendants appointed counsel to pursue applications for leave to appeal from plea-based convictions, a practice subsequently codified by the Michigan legislature. *See Kowalski v. Tesmer*, 543 U.S. 125, 127 (2004); MICH. COMP. LAWS § 770.3a. Consistent with this state practice, the trial court denied petitioner's initial requests for appointment of appellate counsel. However, in *Halbert v. Michigan*, 545 U.S. 605 (2005), the Court held that this practice of denying counsel for the preparation of an application for "first-tier" appellate review was unconstitutional. Subsequently, the Michigan courts established procedures for the appointment of appellate counsel to defendants whose plea-based convictions pre-dated *Halbert*, allowing for the appointment of counsel and the ability to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See, e.g.*, *People v. Corn*, 477 Mich. 903, 722

5

N.W.2d 869 (2006). Respondent contends that petitioner failed to timely request the appointment of appellate counsel, and thus that his *Halbert* claim is without merit. The state trial court docket, however, contains two entries which belie this conclusion. First, a May 15, 2006, entry reads: "Request for Appellate Atty Forwarded O-A-C." The subsequent entry, dated May 30, 2006, reads: "Order Denying Appointment of Appellate Attorney." These docket entries, shortly after petitioner's sentence was entered, suggest that appellate counsel was, in fact, requested by petitioner. They certainly rebut any conclusion that petitioner's claim is plainly meritless on its face. It is thus necessary to allow petitioner to exhaust this claim in the state courts, both to develop a record with respect to the claim and to allow the state courts the first opportunity to pass on the claim.

Ordinarily, the appropriate course of action for a court dealing with a mixed petition is to dismiss the petition without prejudice to petitioner refiling after he has exhausted all of his claims. Here, however, such a course would render petitioner's claims untimely upon refiling. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court considered the intersection of the total exhaustion rule and the habeas statute's one year limitations period, which does not toll the time spent pursuing an unexhausted claim in federal court. Recognizing "the gravity of this problem and the difficulty it has posed for petitioners and federal district courts alike," *id*. at 275, the Court approved, at least in some circumstances, the lower courts' use of the so-called "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

Balancing the interests served by the habeas statute's finality and timeliness requirements

against the petitioner's interest in having his claims adjudicated in a federal habeas proceeding, the Court concluded that stay-and-abeyance is permissible, but "should be available only in limited circumstances." *Id*. at 277. Specifically, stay-and-abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims in state court." *Id*. Further, even where good cause is present, the court should not grant a stay where the unexhausted claims are plainly meritless. *See id*. Additionally, "if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id*. at 278. Thus, a district court should ask three questions in deciding whether to stay a mixed petition: (1) is there a lack of good cause for the failure to exhaust?; (2) are the unexhausted claims plainly meritless?; and (3) has the petitioner engaged in abusive or dilatory litigation tactics? If any of these questions is answered in the affirmative, the court should not stay the habeas proceedings.

Here, there is no indication that petitioner has engaged in abusive or dilatory litigation tactics. Further, although not commenting on its ultimate merit, petitioner's *Halbert* claim is not plainly meritless on its face, as discussed above. That leaves only the question of good cause. Unfortunately, "[t]he Supreme Court did not define 'good cause' in *Rhines*, and no Circuit Court of Appeals has yet opined on its meaning." *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 1273830, at *2 (S.D.N.Y. May 9, 2006) (internal quotation omitted). Nevertheless, some contours have emerged from the Supreme Court and the Ninth Circuit. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court noted in discussing a statute of limitations issue that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id*. at 416. Second, in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005),

the Ninth Circuit rejected the district court's equation of "good cause" with the "extraordinary circumstances" test applied under section 10(e) of the National Labor Relations Act. *See id.* at 662. The court concluded that the "good cause" test was not as stringent as the "extraordinary circumstances" test, but provided no further guidance on the issue. *See id.*

Faced with this dearth of authority, the district courts have adopted a number of different tests to determine whether "good cause" has been shown. A number of courts "have analogized the 'good cause' standard with the showing of 'cause' required to overcome a procedural bar." *Fernandez v. Artuz*, No. 00 Civ. 7601, 2006 WL 121943, at * (S.D.N.Y. Jan. 18, 2006) (citing cases). Such a view of the "good cause" requirement, however, is at odds with the Court's later recognition in *Pace* that a mere "reasonable confusion" about filing requirements ordinarily constitutes good cause because such reasonable confusion or ignorance of the law generally does *not* constitute the type of cause sufficient to excuse a procedural default. *See, e.g.*, *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988). Thus, *Pace* "suggest[s] a more expansive definition of 'good cause' . . . than the showing needed for 'cause' to excuse a procedural default." *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand from Court's decision in *Rhines*).

Beyond noting that good cause under *Rhines* is something less than the "cause" needed to excuse a procedural default, the Court need not definitively resolve this question because petitioner's situation is akin to the situation discussed by the Court in *Pace*. Here, there is no evidence that petitioner's failure to exhaust his claims stemmed from anything other than "reasonable confusion" arising from the intricacies of the state appellate process and habeas jurisprudence's procedural rules. Petitioner's failure to exhaust, in other words, arises from "the procedural complexities

confronting a prisoner who endeavors to exercise his statutory right to challenge a state court conviction by means of a petition to a federal district court for a writ of habeas corpus." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). This is particularly so in light of the fact that petitioner has never had the benefit of appellate counsel's assistance in pursuing his claims. Petitioner's "reasonable confusion," *Pace*, 544 U.S. at 416, is sufficient to constitute "good cause" for a stay of the proceedings while petitioner exhausts his ineffective assistance of counsel claims. *See Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157, at *4 (E.D. Mich. Aug. 11, 2008) (Duggan, J., adopting Report of Komives, M.J.) (lack of appellate counsel constitutes good cause); *Lenton v. Lafler*, No. 2:06-CV-11103, 2007 WL 2780552, at *2 (E.D. Mich. Sept. 24, 2007) (Steeh, J.) (appellate counsel's failure to assert claims on appeal constitutes "good cause"). *See generally*, *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982) (explaining that the Court's "good cause" standard "is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner.'").

Thus, the Court should grant petitioner a stay of the proceedings so that he may exhaust his *Halbert* claim by presenting it to the state courts through a motion for relief from judgment. In doing so, however, the Court's "discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. Thus, the Court must "place reasonable time limits on . . . petitioner's trip to state court and back." *Id*. at 278. In pre-*Rhines* cases the Sixth Circuit, adopting the Second Circuit's approach in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), explained that "[w]hen a district court elects to stay a petition, 'it should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after

state court exhaustion is completed.'" *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002) (quoting *Zarvela*, 254 F.3d at 381); *see also*, *Godbolt v. Russell*, 82 Fed. Appx. 447, 452 (6th Cir. 2003); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This approach is consistent with the command of *Rhines*. *See Rhines*, 544 U.S. at 278 (citing with approval the Second Circuit's approach in *Zarvela*). Accordingly, the Court should grant petitioner a stay, conditioned on his filing a motion for relief from judgment in the state court within 30 days of the Court's order entering the stay, and on his seeking a lifting of the stay within 30 days of exhausting the state court appeals process.[2]

C.    *Conclusion*

In view of the foregoing, the Court should enter a stay and hold this case in abeyance pending petitioner's exhaustion of his *Halbert* claim in the state courts. The Court should condition this stay on petitioner filing a motion for relief from judgment in the trial court within 30 days of the Court's order entering a stay, and on his filing a motion to reopen his habeas case in this Court within 30 days of the conclusion of appellate review in the state courts.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of

---

[2]Although petitioner has not sought a stay, and although the Court is not obligated to do so, the court "may grant a stay *sua sponte*." *Brown v. Watters*, No. 06C0753, 2007 WL 2127606, at *2 (E.D. Wis. July 23, 2007) (citing *Akins v. Kenney*, 410 F.3d 451, 455-56 (8th Cir. 2005)).

objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 4/12/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 12, 2010.

s/Eddrey Butts
Case Manager